IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAN-U SERVICE CONTRACT  
TRUST FUND

    Plaintiff,

v.      Case No. ELH-11-1244

TELTARA, INC.

    Defendant.

## REPORT AND RECOMMENDATION

The above-referenced case was referred to the undersigned for review of plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 9.) Currently pending is plaintiff's Motion for Default Judgment Under Rule 55. (ECF No. 7.) No hearing is deemed necessary. See Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons discussed herein, I respectfully recommend that plaintiff's motion (ECF No. 7) be GRANTED and that damages be awarded as set forth herein.

### I. BACKGROUND

On May 10, 2011, plaintiff MAN-U Service Contract Trust Fund ("plaintiff" or "Fund") filed a Complaint against defendant Teltara, Inc., d/b/a/ Teltara, LLC ("defendant" or "Teltara") under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145. (ECF No. 1.) Plaintiff is an employee benefit fund "jointly administered by the trustees representing various employers and local unions in the service contract industry." (Id. ¶ 2.) The Fund provides health and welfare benefits to individuals employed by participating employers, pursuant to collective

bargaining agreements ("CBAs") between the employers and unions. (Id. ¶ 2.)

Defendant, a maintenance and cleaning contractor based in Scottsdale, Arizona, is an employer engaged in an industry affecting commerce and is an employer within the meaning of § 3(5) of ERISA. (Id. ¶ 4.) Defendant is a signatory to a CBA, with the Public Service Employees, Local No. 571, Laborers International Union of North America, AFL-CIO ("Union"), and accordingly, is bound by its terms as well as the terms of the Agreement and Declaration of Trust ("Trust Agreement") establishing the Fund. (Id. ¶¶ 2, 4, Ex. A.) Pursuant to the CBA, the Fund provides health and welfare benefits to a number of defendant's employees who are members of the Union. (Id. ¶¶ 2, 4.)

Under the CBA, defendant is required to file timely contribution reports and to make timely contributions to the Fund on behalf of its Union member employees. (Id. ¶ 6.) The terms of the CBA also provide that defendant must pay liquidated damages and interest on any late payments. (Id. ¶ 7.) Plaintiff's Complaint alleges that defendant, "[a]t various times between December 2008 and July 2010 . . . failed to file timely contribution reports and to make timely contributions."[1] (Id. ¶ 8.) Accordingly, plaintiff seeks to recover liquidated damages, interest, attorneys' fees, and costs. (Id. ¶¶ 9-11, 14.)

Defendant was served with a Summons and copy of plaintiff's Complaint on May 16, 2011, as indicated by the return of service filed with the court on May 23, 2011. (ECF No. 4.) After defendant failed to file an Answer or otherwise defend, plaintiff filed a Request for Entry of Default, which the Clerk granted on June 24, 2011. (ECF Nos. 5, 6.) On August 5, 2011,

---

[1] Plaintiff does not claim that defendant failed to make required contributions to the Fund.

plaintiff filed a Motion for Default Judgment Under Rule 55.[2]  (ECF No. 7.)  Plaintiff's motion seeks damages against defendant in the amount of $14,541.74, which includes:  (1) liquidated damages totaling $10,209.85,[3] (2) interest in the amount of $1,606.89,[4] (3) $2,320.00 in attorney's fees, and (4) $405.00 in litigation costs.  (ECF No. 7 at 2-3; ECF No. 11 at 2.)

In support thereof, plaintiff submits the affidavits of R. Matthew Pettigrew, Jr., an attorney with the law firm retained by plaintiff, and Nichelle L. Grey, Vice President and Account Executive of Carday Associates, Inc., the Fund's third-party administrator.  (ECF Nos. 8, 11, 14.)

On August 30, 2011, Judge Hollander referred plaintiff's motion to the undersigned to review and to make recommendations concerning damages.  (ECF No. 9.)

## II. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.; see also 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may

---

[2] A copy of plaintiff's motion was served on defendant by first-class mail on August 5, 2011.  (ECF No. 7 at 4.)

[3] Plaintiff's motion for default judgment requests liquidated damages of $10,209.86. (ECF No. 7.)  In the Declaration of Nichelle L. Grey, however, liquidated damages of $10,209.85 are requested.  (ECF Nos. 11, 14.)  I accept the latter amount as consistent with the documentary evidence submitted.

[4] Plaintiff's motion for default judgment seeks recovery of interest in the amount of $1,578.13; this amount was revised to $1,606.89 in the spreadsheet attached to Nichelle Grey's supplemental affidavit, submitted on September 14, 2011.  (ECF No. 14, Ex. BB.)

require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum). In addition, with respect to the character of the amount and judgment, Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In sum, the court must (1) determine whether the unchallenged facts in plaintiff's Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

### III. DISCUSSION

#### a. Defendant's Liability

Plaintiff brings this suit under § 301 of the LMRA, 29 U.S.C. §185, and §§ 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. These Acts authorize parties to enforce the provisions

4

of their collective bargaining agreements. Section 185 provides jurisdiction in United States district courts over suits alleging violations of a contract between an employer and a labor organization. 29 U.S.C. § 185. Section 1145 mandates that employers subject to a multi-employer plan or collective bargaining agreement "shall" make contributions in accordance with the terms of the plan or agreement. 29 U.S.C. § 145.

According to the well-pleaded allegations set forth in plaintiff's Complaint, defendant was a signatory to a CBA and violated the CBA by failing to file timely contribution reports and by failing to make timely payments to plaintiff on behalf of covered employees. (ECF No. 1, ¶¶ 4, 6-8.) Accepting as true these well-pleaded allegations, the undersigned concludes that plaintiff is entitled to relief on its ERISA claims.

   b. **Damages**

Pursuant to the terms of the CBA and incorporated Trust Agreement, plaintiff seeks $10,209.85 in liquidated damages and $1,606.89 in interest assessed against defendant as a result of its untimely payments and contribution reports. (Grey Supp. Decl., ECF No. 14, Ex. BB.) As noted, plaintiff submits the Declaration of Nichelle L. Grey, Vice President and Account Executive of Carday Associates, Inc., the third-party administrator of the Fund, as well as a revised supplement thereto. (ECF Nos. 11, 14.) Ms. Grey avers that, "as a consequence of the untimely payments, the Fund's records indicate that Teltara has been assessed liquidated damages in the amount of $10,209.85 and interest in the amount of [$1,606.89]." (ECF No. 11 ¶ 6; see ECF No. 14, ¶ 6, n.2, Ex. BB.)

In support of these statements, Ms. Grey attaches: (1) a copy of the Fund's Trust Agreement, which provides for the assessment of liquidated damages and interest on delinquent contributions and establishes a liquidated damages rate of 10% and an interest rate of 15% per

annum (ECF No. 11 ¶ 7, Ex. A, at 23-24); (2) a copy of the Fund's Delinquency and Audit Procedure, "as followed in the case of every delinquent employer, including Teltara" (Id. ¶ 8, Ex. B); (3) defendant's contribution reports for the months for which liquidated damages, interest, or both were assessed (ECF No. 14, ¶ 5, Ex. AA); (4) a revised spreadsheet detailing the due date of defendant's contributions, the date and amount paid, the number of days such contributions were past due, and the amount of liquidated damages and interest assessed (Id. ¶ 6, Ex. BB); and (5) a Statement of Accounts Receivable addressed to defendant detailing the liquidated damages and interest owed dated March 31, 2011[5] (ECF No. 11, Ex. D). Ms. Grey explains that interest was calculated by multiplying the amount of each late payment by 15%, dividing the resulting number by 365 days to ascertain the daily interest rate, and multiplying that number by the number of days the payment was late. (ECF No. 14 ¶ 7.)

I have reviewed the affidavits and documents submitted and find that plaintiff has provided adequate evidentiary support for the damages claimed. Furthermore, I have verified plaintiff's calculations as to the amount of liquidated damages and interest assessed and find them to be accurate. Accordingly, I recommend granting plaintiff's request for liquidated damages in the amount of $10,209.85. With regard to interest, however, I recommend granting only the amount of interest prayed for in plaintiff's Complaint—$1,578.13. While I understand that this amount was revised to $1,606.89 to correct a mathematical error in plaintiff's original interest calculations, Federal Rule of Civil Procedure 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In sum, I recommend that the court award plaintiff a total of $11,787.98 in liquidated

---

[5] The Statement of Accounts Receivable reflects one erroneous interest amount for the month of December 2008. This amount was corrected in the spreadsheet attached to Ms. Grey's Supplemental Declaration, filed on September 14, 2011. (ECF No. 14, Ex. BB.)

damages and interest, pursuant to the CBA and Trust Agreement.  See Trs. of Glaziers Local 963 Pension, Welfare, & Apprentice Funds v. Walker & Laberge Co., Inc., 619 F. Supp. 1402, 1405 (D. Md. 1985) (plaintiff may recover liquidated damages and interest on late contributions to employee benefit plan under terms of collective bargaining agreement and incorporated trust agreements); see also Laborers' District Council Pension, et al. v. E.G.S., Inc., 2010 WL 1568595, at *4 (D. Md. Apr. 16, 2010) (recommending that district court award damages for unpaid contributions, liquidated damages, and interest in ERISA default judgment action pursuant to collective bargaining and trust agreements).

Plaintiff also requests $2,320.00 in attorneys' fees and $405.00 in costs of suit, including a $350.00 filing fee and $55.00 process server fee, pursuant to ERISA.  (ECF No. 7 ¶ 11.) Section 1132(g)(2)(D) of ERISA provides that the court "shall" award reasonable attorneys' fees and costs where a plaintiff prevails in an ERISA action to enforce the terms of a collective bargaining agreement.  In order to properly determine an award of attorney's fees, the court must calculate the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008).  The plaintiff must demonstrate that "the number of hours for which [they] seek[] reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." Travis v. Prime Lending, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008).

In support of its request for attorneys' fees and costs, plaintiff submits the Affidavit of R. Matthew Pettigrew, Jr., attorney with the law firm of Markowitz and Richman, which represents plaintiff.  (ECF No. 8.)  Mr. Pettigrew states that the proposed lodestar calculation represents 11.6 hours of work performed in this case at a rate of $200.00 per hour, and explains that the work performed included the following activities:  preparing the complaint and related papers,

communicating with the client, co-counsel, the process server, and Teltara, and preparing the motion for default judgment and related materials. (Id. ¶ 15.) I find that the time spent and hourly rate are reasonable and consistent with attorney fee awards in other similar cases, and accordingly, I recommend granting plaintiff's request for $2,320.00 in attorneys' fees.

Finally, I find that plaintiff's litigation costs of $405.00 are reasonable and documented by the record (ECF Nos. 1, 4) and recommend granting this request. See Schedule of Fees, http://www.mdd.uscourts.gov/publications/Forms/ScheduleofFees.pdf (June 29, 2009) (cost of filing a civil action in this court is $350.00).

### IV. CONCLUSION

In sum, I recommend that:

1. The court GRANT plaintiff's Motion for Default Judgment Under Rule 55 (ECF No. 7); and

2. The court award plaintiff liquidated damages and interest in the amount of $11,787.98, attorneys' fees of $2,320.00, and $405.00 in costs of suit.

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant Teltara, Inc., d/b/a Teltara, LLC, at the addresses listed on plaintiff's Complaint (ECF No. 1).

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:      9/30/11                                         /s/
                                                    Beth P. Gesner
                                                    United States Magistrate Judge